BEFORE THE
UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| SEAH STEEL VINA CORPORATION,<br><br>                              Plaintiff<br><br>          v.<br><br>UNITED STATES,<br><br>                         Defendant. | Court No. 23-00258 |

## COMPLAINT

Plaintiff SeAH Steel VINA Corporation ("Plaintiff" or "SeAH VINA"), files this complaint to contest the final affirmative determination by the U.S. Department of Commerce ("Commerce") in the circumvention inquiry of the antidumping duty and countervailing duty orders on Circular Welded Carbon Quality Steel Pipe from the People's Republic of China.

## JURISDICTION

1.   This action arises out of a circumvention inquiry conducted by Commerce pursuant to Section 781(b) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1677j(b), and 19 C.F.R. § 351.226.  Commerce published notice of the final determination of the inquiry in the *Federal Register* on November 9, 2023.  *See Circular Welded Carbon Quality Steel Pipe from the People's Republic of China: Final Affirmative Determination of Circumvention of the Antidumping Duty and Countervailing Duty Orders*; 88 Fed. Reg. 77287 (November 9, 2023) (hereinafter referred to as the "Final Determination").

2.     This action is commenced pursuant to Sections 516A(a)(2)(A) and (B)(vi) of the

Act, 19 U.S.C. § 1516a(a)(2)(A) and (B)(vi).  Consequently, this Court has jurisdiction

over this matter by reason of 28 U.S.C. § 1581(c), which confers upon the Court exclusive

jurisdiction over civil actions commenced under Section 516A of the Act.

PLAINTIFF'S STANDING TO COMMENCE THIS ACTION

3.     Plaintiff is a producer and exporter of Circular Welded Carbon Quality Steel

Pipe (hereinafter referred to as "CWP") from the Socialist Republic of Vietnam

("Vietnam"), the subject merchandise at issue in this appeal.  Plaintiff participated as a

respondent in the circumvention inquiry that is the subject of this appeal.  Accordingly,

Plaintiff is an "interested party" within the meaning of Section 771(9)(A) of the Act, as

amended, 19 U.S.C. § 1677(9)(A), and has standing to commence this action pursuant to

19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

TIMELINESS OF THIS ACTION

4.     On November 9, 2023, the *Final Determination* were published in the *Federal

Register.  See Circular Welded Carbon Quality Steel Pipe from the People's Republic of

China: Final Affirmative Determination of Circumvention of the Antidumping Duty and

Countervailing Duty Orders*; 88 Fed. Reg. 77287 (November 9, 2023).

5.     Plaintiff initiated this action by filing a summons on December 6, 2023, and

filling this complaint on January 5, 2024, both within the time specified by

Section 516A(a)(2) of the Act, 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule

3(a)(2) of the Rules of this Court, which permit parties to challenge the final affirmative

determination of a circumvention inquiry by filing a summons within 30 days after the date

of mailing of the final determination, and a complaint within 30 days thereafter.[1]

STATEMENT OF FACTS

6.    In October 2011, the U.S. producers of CWP filed antidumping and

countervailing duty petitions against imports of CWP from Vietnam and three other

countries (India, Oman, and the UAE).  SeAH VINA was selected as a mandatory

respondent and individually examined in both the antidumping and countervailing duty

investigations of Vietnam.  The preliminary determination in both investigations were

negative.[2]  In the final determinations, the Department increased SeAH VINA's dumping

margin to 3.96 percent, but again found only de minimis subsidies.[3]  Before SeAH VINA

could appeal Commerce's dumping determination, the U.S. International Trade

Commission ("ITC") made a negative injury determination, terminating the investigation.[4]

---

[1] The Final Determination was mailed to Plaintiff's counsel on December 5, 2023.

[2] *See Circular Welded Carbon-Quality Steel Pipe from the Socialist Republic of Vietnam: Preliminary Determination of Sales at Less Than Fair Value and Postponement of Final Determination*, 77 Fed. Reg. 32552 (June 1, 2012); *Circular Welded Carbon-Quality Steel Pipe From the Socialist Republic of Vietnam: Preliminary Affirmative Countervailing Duty Determination and Alignment of Final Countervailing Duty Determination With Final Antidumping Duty Determination*, 77 Fed. Reg. 19211 (Mar. 30, 2012).

[3] *See Circular Welded Carbon-Quality Steel Pipe from the Socialist Republic of Vietnam: Notice of Final Determination of Sales at Less Than Fair Value*, 77 Fed. Reg. 64483 (Oct. 22, 2012);  *Circular Welded Carbon-Quality Steel Pipe From the Socialist Republic of Vietnam: Final Negative Countervailing Duty Determination*, 77 Fed. Reg. 64471 (Oct. 22, 2012).

[4] *See Circular Welded Carbon-Quality Steel Pipe from India, Oman, the United Arab Emirates, and Vietnam*, Investigation Nos. 701-TA-482-484 and 731-TA-1191-1194 (Final), USITC Pub. 4362 (December 2012).

7.    In October 2015, the U.S. producers of CWP filed another petition against CWP from Vietnam and four other countries (Oman, Pakistan, the Philippines, the UAE). This second petition included only dumping claims against Vietnam.[5]  Once more, SeAH VINA was selected as a mandatory respondent.[6]  Once more, Commerce made a negative determination for SeAH VINA, finding a final dumping margin of *zero*.[7]  And, once more, the ITC made a negative injury determination for Vietnam.[8]

8.    On May 17, 2022, Bull Moose Tube Company, Maruichi American Corporation, Nucor Tubular Products Inc., Wheatland Tube Company, and the United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (the "USW") (collectively, "Domestic Interested Parties") filed a request that Commerce initiate a country-wide circumvention inquiry under Section 781(b) of the Act, 19 U.S.C. § 1677j(b), and 19 C.F.R. § 351.226 to determine whether CWP completed in Vietnam using hot-rolled steel ("HRS") manufactured in China is circumventing the antidumping duty and countervailing duty orders on CWP from China ("the China CWP Orders"), and accordingly, should be included within the scope of the China CWP Orders.

---

[5] *See Circular Welded Carbon-Quality Steel Pipe from the Socialist Republic of Vietnam: Final Determination of Sales at Less Than Fair Value*, 81 Fed. Reg. 75042, (Oct. 28, 2016).

[6] *See Circular Welded Carbon-Quality Steel Pipe From the Socialist Republic of Vietnam: Final Determination of Sales at Less Than Fair Value*, 81 Fed. Reg. 75042 (Oct. 28, 2016)

[7] *See id.*

[8] *See Circular Welded Carbon-Quality Steel Pipe from Oman, Pakistan, the United Arab Emirates, and Vietnam*, Investigation Nos. 701-TA-549 and 731-TA-1299, 1300, 1302 and 1303 (Final), USITC Pub. 4651, at 13-14 (December 2016).

9. Commerce published a notice of initiation of the circumvention inquiry on

August 4, 2022. *See Circular Welded Carbon Quality Steel Pipe from the People's*

*Republic of China; Certain Circular Welded Non-Alloy Steel Pipe from the Republic of*

*Korea; Certain Welded Carbon Steel Standard Pipes and Tubes from India; Certain*

*Circular Welded Carbon Steel Pipes and Tubes from Taiwan; Certain Circular Welded*

*Non-Alloy Steel Pipe from Taiwan; Light-Walled Rectangular Pipe and Tube from the*

*People's Republic of China; Light-Walled Rectangular Pipe and Tube from the Republic*

*of Korea; Light-Walled Welded Rectangular Carbon Steel Tubing from Taiwan: Initiation*

*of Circumvention Inquiries on the Antidumping and Countervailing Duty Orders*, 87 Fed.

Reg. 47711 (August 4, 2022).

10. On August 30, 2022, Commerce selected SeAH VINA and Vietnam Haiphong

Hongyuan Machinery as the mandatory respondents. In accordance with the schedule

established by Commerce, SeAH VINA timely submitted its responses to Commerce's

initial and supplemental questionnaires. On April 12, 2023, Commerce issued the

preliminary affirmative determination in which it determined that CWP completed in

Vietnam using HRS manufactured China and subsequently exported from Vietnam to the

United States was circumventing the China CWP Orders on a country-wide basis. As a

result, Commerce preliminarily determined that CWP completed in Vietnam using HRS

manufactured in China and subsequently exported from Vietnam to the United States

should be included within the scope of the China CWP Orders.

11.    Interested parties submitted their case briefs and rebuttal briefs in May and June of 2023.[9]  On November 9, 2023, Commerce issued a final affirmative determination in which it continued to find that CWP completed in Vietnam using HRS manufactured in China and subsequently exported from Vietnam to the United States was circumventing the China CWP Orders on a country-wide basis, and thus should be included within the scope of the China CWP Orders.

12.    This appeal followed.

STATEMENT OF CLAIMS

13.    In this appeal, Plaintiff challenges Commerce's Final Determination in the circumvention inquiry of the antidumping duty and countervailing orders on CWP from China in which Commerce found that CWP completed in Vietnam using HRS manufactured in China and subsequently exported from Vietnam to the United States was circumventing the China CWP Orders on a country-wide basis, and thus should be included within the scope of the China CWP Orders.

14.    Commerce's Final Determination was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law for the following reasons, among others:

(1)    Commerce's determination that it was not bound by its previous determination that SeAH VINA's exports of CWP produced using imported HRS were

---

[9] Commerce scheduled a verification of SeAH VINA's submissions in this inquiry to be taken place at SeAH VINA's factory in Vietnam in April 2023.  However, the verification was ultimately cancelled by Commerce.

products of Vietnam was arbitrary and capricious, unsupported by substantial

evidence on the record, or otherwise not in accordance with law.

(2)   Commerce's decision to impose antidumping and countervailing duties on SeAH

VINA's CWP exports where Commerce and the ITC previously determined that

SeAH VINA's CWP exports were not dumped, did not receive countervailable

subsidies, and did not cause injury to the U.S. industry was arbitrary and

capricious, unsupported by substantial evidence on the record, or otherwise not

in accordance with law.

(3)   Commerce's determination that the production of CWP from imported HRS

constituted "assembly or completion" within the meaning of the circumvention

statute was arbitrary and capricious, unsupported by substantial evidence on the

record, or otherwise not in accordance with law.

(4)   Commerce's determination that the process of completion of CWP in Vietnam

was minor or insignificant and that the value added by SeAH VINA's production

of CWP from HRS was small was arbitrary and capricious, unsupported by

substantial evidence on the record, or otherwise not in accordance with law.

(5)   Commerce's failure to account for SeAH VINA's pattern of trade and sourcing

and the lack of SeAH VINA's affiliation with any company located in China that

produced CWP or HRS in reaching its affirmative circumvention determination

was arbitrary and capricious, unsupported by substantial evidence on the record,

or otherwise not in accordance with law.

DEMAND FOR JUDGMENT

15.   WHEREFORE, Plaintiff respectfully requests this Court to:

(1)   Declare Commerce's *Final Determination* to be arbitrary and capricious,

unsupported by substantial evidence, and otherwise not in accordance with law;

(2)   Remand this matter to Commerce for disposition in a manner consistent

with the judgment of this Court; and

(3)   Provide such other relief as this Court deems appropriate.

Respectfully submitted,

/s/Jeffrey M. Winton
Jeffrey M. Winton
Vi N. Mai

WINTON & CHAPMAN PLLC
1100 13th St., N.W., Suite 825
Washington, DC  20005
(202) 774-5500

Attorneys for SeAH Steel VINA Corporation

Dated:  January 5, 2024

- 8 -