UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| SEAH STEEL VINA CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>  and<br><br>BULL MOOSE TUBE COMPANY, MARUICHI AMERICAN CORPORATION, WHEATLAND TUBE COMPANY, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, NUCOR TUBULAR PRODUCTS INC.,<br><br>    Defendant-Intervenors. | Court No. 23-00258 |

## **ORDER**

On consideration of defendant-intervenors' motion to consolidate and all other pertinent papers, it is hereby

ORDERED that the motion is denied.

Dated: _____                  _____
  New York, NY                            JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| SEAH STEEL VINA CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>and<br><br>BULL MOOSE TUBE COMPANY, MARUICHI AMERICAN CORPORATION, WHEATLAND TUBE COMPANY, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, NUCOR TUBULAR PRODUCTS INC.,<br><br>        Defendant-Intervenors. | Court No. 23-00258 |

**DEFENDANT'S OPPOSITION TO**
**DEFENDANT-INTERVENORS' MOTION TO CONSOLIDATE**

Defendant, the United States, respectfully requests that the Court deny the motion to consolidate Court Nos. 23-00256, -00257, and -00258, filed by defendant-intervenors, Bull Moose Tube Company, *et al*. Mot. to Consolidate, Mar. 20, 2024, ECF No. 34 (Def.-Int. Mot.). Consolidation is unwarranted because each case involves a separate order, administrative record, and administrative determination.

**ARGUMENT**

**I.**    **Legal Standard**

Rule 42(a) of the Rules of the Court permits consolidation of cases "involving a common question of law or fact . . . to avoid unnecessary costs or delay." The Court possesses

"broad discretion" in deciding whether to consolidate proceedings and has declined to consolidate proceedings where it is not in the interest of "judicial economy." *Manuli USA, Inc. v. United States*, 659 F. Supp. 244, 247-48 (Ct. Int'l Trade 1987). Further, consolidation is unwarranted where it carries the "potential for an unwieldy or chaotic proceeding." *John S. Connor, Inc. v. United States*, 69 Cust. Ct. 305, 307 (1972).

**II.     Consolidation Risks Contravening The Limits On This Court's Review And Is Contrary To The Interests Of Judicial Economy**

The three cases that defendant-intervenors seek to consolidate involve three separate and distinct factual records. Their consolidation would thus carry the "potential for an unwieldy or chaotic proceeding." *John S. Connor, Inc.*, 69 Cust. Ct. 305, 307 (1972). Specifically, consolidating cases with separate and distinct records carries the potential for a proceeding in which the facts on the record of one case are conflated, confused, or commingled with the facts on the record of another. *See Vicentin S.A.I.C. v. United States,* 324 F. Supp.3d 1377, 1381 (Ct. Int'l Trade 2018) (finding consolidation inappropriate because, in addition to the fact that not all parties to the cases were identical, the parties could "inadvertently conflate" separate and distinct records); *cf. Brother Indus., Ltd. v. United States*, 1 CIT 102, 103-04 (1980) (consolidating cases because "{t}he court will be concerned with only one administrative record in both actions."). To the extent that there are similarities among the cases, it would only increase the likelihood of conflation.

Consolidation would also risk contravening the limits on this Court's review. Judicial review of Commerce determinations is limited to the record underlying that determination. 19 U.S.C. § 1516a(a)(2) ("Review of determinations *on record*") (emphasis added); 19 U.S.C. § 1516a(b)(2)(A) (defining the "Record for review" as "a copy of all information presented to or obtained by {Commerce} . . . *during the course of the administrative proceeding* . . .") (emphasis

added).  The "Court has repeatedly held that judicial review must be based solely upon the administrative record made during the particular review proceeding which resulted in the determination subject to judicial review." *Ass'n of Am. Sch. Paper Suppliers v. United States*, 683 F. Supp. 2d 1317, 1323 (Ct. Int'l Trade 2010) (citing *Beker Indus. Corp. v. United States*, 7 CIT 313, 313-18 (1984)).  Likewise, the United States Court of Appeals for the Federal Circuit has held that the Court conducts its "review on the basis of the administrative record upon which Commerce based its final results." *Zenith Elecs. Corp. v. United States*, 884 F.2d 556 (Fed. Cir. 1989).  Consolidating these cases thus increases the probability that record facts from one proceeding will be used to review the determination in another.

Consolidation is also contrary to the interests of judicial economy.  It is likely to create more, not less, work for the parties and the Court.  And Courts should not consolidate cases such as this "unless there is a significant benefit and economy to be had from consolidation." *Vicentin*, 324 F. Supp.3d at 1381.  If consolidated, the parties and the Court will have to sift through three records to prevent leakage between the different cases.  This would not serve judicial economy.  Conversely, keeping the records delineated in separate cases would mitigate this burden.  In any event, maintaining separate cases can replicate benefits of consolidation.  If the Court is faced with a common question of law or fact across the three cases, there is no need to reinvent the wheel after reaching a conclusion in one case.  Moreover, the Court can join the cases for oral argument.

Defendant-Intervenors acknowledge that the administrative records in each of the three cases are necessarily different but contend that any difference in facts concerning a common claim identified in each of the three suits is immaterial.  *See* Def-Int. Mot. at 4-5.  Should the Court find that any factual distinctions are immaterial to the outcome of the cases, then the Court

can, as discussed, apply the same reasoning without consolidating these actions. Thus, there is no "unnecessary costs or delay" that would be avoided by consolidation.

## CONCLUSION

For these reasons, we respectfully request that this Court deny defendant-intervenors' motion to consolidate.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ FRANKLIN E. WHITE, JR.
Assistant Director

OF COUNSEL

JASON MILLER
Attorney
U.S. Department of Commerce
Office of Chief Counsel for
Trade Enforcement and Compliance

/s/ STEPHEN C. TOSINI
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 616-5196
stephen.tosini@usdoj.gov

April 5, 2024

*Attorneys for the United States*