UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE STEPHEN A. VADEN, JUDGE

| | | |
|---|---|---|
| SEAH STEEL VINA CORPORATION, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| *Defendant,* | ) | |
| | ) | |
| *and* | ) | |
| | ) | Court Nos. 23-256, 23-257 |
| BULL MOOSE TUBE COMPANY; MARUICHI | ) | and 23-258 |
| AMERICAN CORPORATION; WHEATLAND | ) | |
| TUBE COMPANY; THE UNITED STEEL, PAPER | ) | |
| AND FORESTRY, RUBBER, MANUFACTURING, | ) | |
| ENERGY, ALLIED INDUSTRIAL AND SERVICE | ) | |
| WORKERS INTERNATIONAL UNION, AFL-CIO, | ) | |
| CLC; NUCOR TUBULAR PRODUCTS INC., | ) | |
| | ) | |
| *Defendant-* | ) | |
| *Intervenors.* | ) | |
| | ) | |

ORDER

Upon consideration of Defendant's Motion to Supplement the Administrative Record

and the response of Plaintiff SeAH Steel VINA Corporation ("SSV") thereto, it is hereby:

ORDERED that Defendant's Motion is denied.

Signed: _____
                Honorable Stephen A. Vaden, Judge

Dated: _____
            New York, NY

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| SEAH STEEL VINA CORPORATION, <br>         *Plaintiff,* <br>   v. <br> UNITED STATES, <br>         *Defendant,* <br>      *and* <br> BULL MOOSE TUBE COMPANY; MARUICHI AMERICAN CORPORATION; WHEATLAND TUBE COMPANY; THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC; NUCOR TUBULAR PRODUCTS INC., <br>         *Defendant-* <br>         *Intervenors.* | Court Nos. 23-256, 23-257 <br> and 23-258 |

RESPONSE OF SEAH STEEL VINA CORPORATION
TO DEFENDANT'S MOTION TO SUPPLEMENT
THE ADMINISTRATIVE RECORD

By motion dated September 18, 2024, Defendant asked this Court for leave to supplement the administrative record to include the "Analysis Memorandum" from a prior proceeding that had been cited both by Plaintiff SeAH Steel VINA Corporation ("SSV") and the U.S. Department of Commerce during the administrative proceeding at issue in this appeal. We do not oppose Defendant's effort to make a copy of that memorandum available to the Court. However, we believe that an "Analysis Memorandum" necessarily constitutes a portion of a prior determination by Commerce that may be cited by parties whether or not the memorandum is formally included in the administrative record, and that Defendant's motion is therefore inappropriate.

Prior to January 2000, Commerce's longstanding practice had been to include in the final determinations it published in the *Federal Register* both a summary of all comments received and an explanation of the "Department's Position" on all such comments. However, due to rising publishing costs, Commerce modified its practice in January 2000 to include only a list of issues in the published determination, and to provide the discussion of the comments received in a separate, unpublished "Issues and Decision Memorandum."[1] Those "Issues and Decision Memoranda" are routinely cited by parties before Commerce and the Court. To the best of our knowledge, no one has every asserted that those memoranda constitute factual information that must be placed on the administrative record before Commerce or a reviewing Court may consider them.

In addition to the discussion of issues in the published determinations (prior to January 2000) or in unpublished "Issues and Decision Memoranda" (after January 2000), Commerce has also routinely included company-specific discussions of issues in separate "Analysis Memoranda." As Commerce has conceded, each of these analysis memoranda "is a legal analysis and decision by the agency."[2] Nevertheless, Commerce has recently adopted a regulation that takes the position that such a memorandum cannot be cited by a party unless the memorandum has previously been placed on the record within the deadline for submission of factual information.[3]

---

[1] *See Notice of Reduction in the Size of Antidumping/Countervailing Duty Federal Register Notices*, 65 Fed. Reg. 3654 (Jan. 24, 2000).

[2] *See Regulations Improving and Strengthening the Enforcement of Trade Remedies Through the Administration of the Antidumping and Countervailing Duty Laws*, 89 Fed. Reg. 20766, 20772 (Mar. 24, 2024).

[3] *Id.,* at 20772 and 20833.

There is, however, no legal basis for the distinction that Commerce has attempted to draw between "Issues and Decision Memoranda" that can be cited whether or not they have been submitted for the record, and "Analysis Memoranda" that can only be cited if they have been submitted for the record.  Commerce has claimed that its differential treatment is justified because the calculations discussed in the Analysis Memoranda "are based upon the record and data before it in that particular segment of a proceeding," and "each of those memoranda also reflect conclusions based on the facts unique to the segment of the proceeding in which they were issued."[4]  But the same description also applies to "Issues and Decision Memoranda," which invariably must address record evidence and "the facts unique to each segment of the proceeding in which they were issued."

More fundamentally, Commerce's proposal to limit the ability of parties to cite "Analysis Memoranda" would deprive parties of the ability to fully address Commerce's past practice in their case and rebuttal briefs.  Under Commerce's regulations, all factual information that is not specifically requested by Commerce must be submitted no later than 30 days before the scheduled date for the preliminary determination.  But parties cannot reasonably be expected to predict in advance what issues might be raised by Commerce's preliminary determination or by case briefs submitted by other parties after Commerce's preliminary determination.[5]  Consequently, it is unreasonable to expect a party to know whether a particular "Analysis Memorandum" will be relevant to the issues to be addressed

---

[4] *Id.*

[5] *See* 19 C.F.R. § 351.301(c)(5).

in time to submit the "Analysis Memorandum" 30 days before the preliminary determination is issued.

Every beginning law student knows that decisions by a tribunal — be it a court or administrative agency — are limited to the specific facts of the case. The precedential value of any decision then depends on that factual context. Lawyers earn their livelihoods by making distinctions between past decisions and new factual situations — or by arguing that a factual variation identified by an opponent represents "a distinction without a difference." As a result, Commerce's attempt to deprive parties of the ability to rely on past memoranda that describe the specific facts relied upon by the decision in a previous case would prevent parties from fully defending their interests.

In these circumstances, we cannot agree with Defendant that an "Analysis Memorandum" — such as the document they now seek to add to the administrative record — constitutes the type of factual information that can only be cited by a party and considered by a reviewing Court if the document was formally included in the record. We trust the Court will agree.

Respectfully submitted,

/s/Jeffrey M. Winton

Jeffrey M. Winton
Amrietha Nellan
Vi N. Mai
Ruby Rodriguez

WINTON & CHAPMAN PLLC
1100 13th Street, N.W., Suite 825
Washington, D.C. 20005
(202) 774-5500

Attorneys for SeAH Steel VINA Corporation

October 9, 2024

- 4 -