Slip Op. No. 24-134

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SEAH STEEL VINA CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant,*<br>and<br><br>BULL MOOSE TUBE COMPANY; MARUICHI AMERICAN CORPORATION; WHEATLAND TUBE COMPANY; THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC; NUCOR TUBULAR PRODUCTS INC.,<br><br>*Defendant-Intervenors.* | Before: Stephen Alexander Vaden, Judge<br><br>Court Nos. 1:23-cv-00256, 1:23-cv-00257, 1:23-cv-00258 (SAV) |

**OPINION**

[Granting Defendant's Motion to Complete the Administrative Record.]

Dated:  December 5, 2024

*Jeffrey M. Winton*, Winton & Chapman PLLC, of Washington, DC, for the Plaintiff SeAH Steel VINA Corporation.  With him on the brief were *Amrietha Nellan*, *Vi N. Mai*, and *Ruby Rodriguez*.

*Stephen C. Tosini*, Senior Trial Counsel, U.S. Department of Justice, Commercial Litigation Branch, of Washington, DC, for the Defendant United States.  With him on the brief were *Brian M. Boynton,* Principal Deputy Assistant Attorney General;

Court Nos. 1:23-cv-00256, 1:23-cv-00257, 1:23-cv-00258 (SAV)                                    Page 2

*Patricia M. McCarthy*, Director; *Franklin E. White, Jr.*, Assistant Director; and *Benjamin Juvelier*, Attorney, U.S. Department of Commerce, Office of the Chief Counsel for Trade Enforcement and Compliance.

*Jeffrey D. Gerrish*, *Roger B. Schagrin*, and *Nicholas Phillips*, Schagrin Associates, of Washington, DC, for the Defendant-Intervenors Bull Moose Tube Company; Maruichi American Corporation; Wheatland Tube Company; and The United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC.

*Robert E. DeFrancesco, III*, *Alan H. Price*, *Jake R. Frischknecht*, *Theodore P. Brackemyre*, *Kimberly A. Reynolds*, and *Paul A. Devamithran*, Wiley Rein LLP, of Washington, DC, for the Defendant-Intervenor Nucor Tubular Products Inc.

**Vaden, Judge:**  The U.S. Department of Commerce (Commerce) moves this Court to grant its Partial Consent Motion to Complete the Administrative Record. Commerce seeks to complete the record by including a 2012 Analysis Memorandum from a prior antidumping determination. Commerce considered this Memorandum in the current proceeding, but neither party formally placed it in the administrative record. Plaintiff SeAH Steel VINA Corporation (SeAH Steel) opposes the Motion. For the reasons below, Commerce's Motion to Complete the Administrative Record is **GRANTED**.

## BACKGROUND

### I.     The Prior 2012 Proceeding

On October 26, 2011, Commerce received petitions from domestic producers concerning imports of circular welded carbon-quality steel pipe from, among other countries, the Socialist Republic of Vietnam (Vietnam). *Circular Welded Carbon-*

*Quality Steel Pipe from India, the Sultanate of Oman, the United Arab Emirates, and the Socialist Republic of Vietnam: Initiation of Antidumping Duty Investigations*, 76 Fed. Reg. 72,164 (Dep't of Com. Nov. 22, 2011). Commerce selected SeAH Steel, a Vietnamese producer and exporter of circular welded non-alloy steel pipe, as a mandatory respondent. *See Circular Welded Carbon-Quality Steel Pipe from the Socialist Republic of Vietnam: Notice of Final Determination of Sales at Less Than Fair Value*, 77 Fed. Reg. 64,483 (Dep't of Com. Oct. 22, 2012); *Circular Welded Carbon-Quality Steel Pipe from the Socialist Republic of Vietnam: Final Negative Countervailing Duty Determination*, 77 Fed. Reg. 64,471 (Dep't of Com. Oct. 22, 2012); Compl. ¶ 3, ECF No. 9.[1]

During its investigation, Commerce wrote a memorandum on May 23, 2012. Analysis for the Preliminary Determination of the Antidumping Duty Investigation of Circular Welded Carbon-Quality Steel Pipe from the Socialist Republic of Vietnam: SeAH Steel VINA Corporation, ECF No. 40-1 (2012 Analysis Memorandum). The 2012 Analysis Memorandum calculated SeAH Steel's preliminary dumping margin, and it treated SeAH Steel's pipe as originating from Vietnam. *Id.* Commerce used the 2012 Analysis Memorandum in its preliminary determination to calculate a *de minimis* dumping margin for SeAH Steel. *Circular Welded Carbon-Quality Steel Pipe*

---

[1] Unless otherwise indicated, all ECF Numbers refer to Case Number 23-256. The Court joined for purposes of briefing and argument Case Numbers 23-256, 23-257, and 23-258 on April 9, 2024. *See* Order Regarding Mot. to Consolidate Cases and Scheduling Order, ECF No. 35.

*from the Socialist Republic of Vietnam: Preliminary Determination of Sales at Less Than Fair Value and Postponement of Final Determination*, 77 Fed. Reg. 32,552, 32,560 (Dep't of Com. June 1, 2012). However, in its final determination, Commerce changed its calculation and found that SeAH Steel's dumping margin was 3.96 percent. *Circular Welded Carbon-Quality Steel Pipe from the Socialist Republic of Vietnam: Notice of Final Determination of Sales at Less Than Fair Value*, 77 Fed. Reg. 64,483, 64,486 (Dep't of Com. Oct. 22, 2012). Before SeAH Steel appealed Commerce's finding, the International Trade Commission made a negative injury determination, which terminated the investigation and Commerce's ability to impose import duties. *Circular Welded Carbon-Quality Steel Pipe from India, Oman, the United Arab Emirates, and Vietnam*, Inv. Nos. 701-TA-482-484, 731-TA-1191-1194, USITC Pub. 4362 (Dec. 11, 2012) (Final); *see* 19 U.S.C. § 1673 (stating that Commerce may only impose antidumping duties when the International Trade Commission makes an affirmative injury determination).

## II.　　The Current Proceeding

On May 17, 2022, domestic producers filed a request for a country-wide investigation of whether Vietnam was circumventing antidumping duty orders regarding pipes and tubes from India and circular welded pipe from Korea. *See Antidumping Duty Order: Certain Welded Carbon Steel Standard Pipes and Tubes from India*, 51 Fed. Reg. 17,384 (Dep't of Com. May 12, 1986) (India Order); *Notice of Antidumping Duty Orders: Certain Circular Welded Non-Alloy Steel Pipe from*

*Brazil, the Republic of Korea, Mexico, and Venezuela, and Amendment to the Final Determination of Sales at Less Than Fair Value: Certain Circular Welded Non-Alloy Steel Pipe from Korea*, 57 Fed. Reg. 49,453 (Dep't of Com. Nov. 2, 1992) (Korea Order). The domestic producers also requested an investigation of whether Vietnam was circumventing antidumping or countervailing duty orders regarding circular welded pipe from China. *Notice of Antidumping Duty Order: Circular Welded Carbon Quality Steel Pipe from the People's Republic of China*, 73 Fed. Reg. 42,547 (Dep't of Com. July 22, 2008); *Circular Welded Carbon Quality Steel Pipe from the People's Republic of China: Notice of Amended Final Affirmative Countervailing Duty Determination and Notice of Countervailing Duty Order*, 73 Fed. Reg. 42,545 (Dep't of Com. July 22, 2008) (collectively, China Orders).

　　Commerce named SeAH Steel a mandatory respondent in these inquiries, and Commerce concluded that Vietnam circumvented the Korea Order, the India Order, and the China Orders. *Certain Circular Welded Non-Alloy Steel Pipe from the Republic of Korea: Final Affirmative Determination of Circumvention of the Antidumping Duty Order*, 88 Fed. Reg. 77,270, 77,271–72 (Dep't of Com. Nov. 9, 2023); *Certain Welded Carbon Steel Standard Pipes and Tubes from India: Final Affirmative Determination of Circumvention of the Antidumping Duty Order*, 88 Fed. Reg. 77,279, 77,279–80 (Dep't of Com. Nov. 9, 2023); *Circular Welded Carbon Quality Steel Pipe from the People's Republic of China: Final Affirmative Determination of Circumvention of the Antidumping Duty and Countervailing Duty Orders*, 88 Fed.

Reg. 77,287, 77,287–88 (Dep't of Com. Nov. 9, 2023). On January 5, 2024, SeAH Steel filed a complaint in this Court arguing that Commerce's determinations in these inquiries were arbitrary, capricious, lacked substantial evidence, or were otherwise not in accordance with the law. *See, e.g.*, Compl. ¶¶ 1–14, ECF No. 9.

### III. The Present Dispute

After submission of the administrative record, Plaintiff filed its Motion for Judgment on the Agency Record. Mot. for J. on Agency R., ECF No. 38. Believing the record was incomplete, Commerce filed a Partial Consent Motion to Complete the Administrative Record. Def.'s Partial Consent Mot. to Complete Admin. R. (Def.'s Mot.), ECF No. 40. Commerce's Motion claims that the record is incomplete because, although both Plaintiff and Commerce referred to the 2012 Analysis Memorandum in the current proceedings, the parties did not actually include that Memorandum in the administrative record. *Id.* at 2; Pl.'s Resp. to Def.'s Mot. to Suppl. Admin. R. (Pl.'s Resp.) at 1, ECF No. 43. Commerce now seeks to supplement the record with the 2012 Analysis Memorandum. Def.'s Mot. at 1, ECF No. 40. Defendant-Intervenors consented to the Government's Motion. *Id.* SeAH Steel did not. Pl.'s Resp. at 1, ECF No. 43.

SeAH Steel argues that the Court should consider the analysis memorandum — which Commerce says cannot be cited unless it is in the administrative record — as no different than an issues and decision memorandum — which Commerce allows to be cited even if it is not formally included in the administrative record. Pl.'s Resp.

at 2–3, ECF No. 43. Plaintiff makes two claims. First, there should be no difference in a party's ability to cite to the two memoranda because both are "prior determinations" of Commerce. *Id.* at 1. As both an analysis memorandum and an issues and decision memorandum "reflect conclusions based on the facts unique to the segment of the proceeding in which they were issued," SeAH Steel argues that Commerce's distinction between the two has no legal basis. *Id.* at 3 (quoting *Regulations Improving and Strengthening the Enforcement of Trade Remedies Through the Administration of the Antidumping and Countervailing Duty Laws*, 89 Fed. Reg. 20,766, 20,772 (Mar. 24, 2024)). Second, requiring a party to file all applicable memoranda in an administrative proceeding would unreasonably require a party to predict all possible issues that may arise. Pl.'s Resp. at 3–4, ECF No. 43. This is because the deadline to file materials for the record closes before Commerce issues its preliminary determination and the parties file their briefs in response. *See* 19 C.F.R. § 351.301(c).

Commerce disagrees. It argues that SeAH Steel's claim is "an unsupported disagreement with Commerce's understanding of its own historical practice" and that SeAH Steel "failed to establish a practice of [Commerce] accepting [an analysis memorandum] to the file." Def.'s Reply at 2, ECF No. 46. However, Commerce notes that its disagreement with SeAH Steel is irrelevant. Because the agency considered the 2012 Analysis Memorandum when making its decision, the Memorandum is part of the administrative record; and the current record should "reflect[] that reality[.]"

Reply in Support of Mot. to Suppl. the Administrative R. (Def.'s Reply) at 2–3, ECF No. 46 (citing *NEXTEEL Co. v. United States*, 47 CIT\_\_, 633 F. Supp. 3d 1190, 1203 (2023)); *see* Issues and Decision Mem. for the Final Affirmative Determination of Circumvention of the Antidumping Duty Order on Certain Circular Welded Non-Alloy Steel Pipe from the Republic of Korea (Nov. 3, 2023) at 14–15, Case No. 23-256, ECF No. 28 (Korea IDM); Issues and Decision Mem. for the Circumvention Inquiry of the Antidumping Duty Order on Certain Welded Carbon Steel Standard Pipes and Tubes from India (Nov. 3, 2023) at 14–15, Case No. 23-257, ECF No. 28 (India IDM); Issues and Decision Mem. for the Circumvention Inquiry of the Antidumping and Countervailing Duty Orders on Circular Welded Carbon-Quality Steel Pipe from the People's Republic of China (Nov. 3, 2023) at 14–15, Case No. 23-258, ECF No. 30 (China IDM).

Although both Commerce and SeAH Steel allude to Commerce's recently amended regulation allowing certain documents to be cited without inclusion in the administrative record, 19 C.F.R. § 351.104(a)(6), the parties agree that the new regulation does not apply here. Def.'s Mot. at 2 n.1, ECF No. 40; Def.'s Reply at 2 n.1, ECF No. 46; Pl.'s Resp. at 2–3, ECF No. 43. Both parties also agree that the Court should consider the 2012 Analysis Memorandum. *See* Def.'s Mot. at 2, ECF No. 40; Pl.'s Resp. at 1, ECF No. 43; Def.'s Reply at 1–2, ECF No. 46. They just cannot agree on whether the document must be formally part of the administrative record for the Court to consider its contents.

## STANDARD OF REVIEW AND JURISDICTION

The Court has exclusive jurisdiction over Commerce's Motion under 19 U.S.C. § 1516a(a)(2)(B)(i) and 28 U.S.C. § 1581(c), which grant the Court authority to review actions contesting final affirmative determinations in an antidumping order. Because the Court has jurisdiction over the underlying action, it has jurisdiction over Commerce's Motion.

In antidumping cases, the Court reviews Commerce's decision to determine whether it is "unsupported by substantial evidence on the record[.]" 19 U.S.C. § 1516a(b)(1)(B)(i). The record is defined as a "copy of all information presented to or obtained by the Secretary, the administering authority, or the Commission during the course of the administrative proceeding, including all governmental memoranda pertaining to the case …." 19 U.S.C. § 1516a(b)(2)(A)(i). United States Court of International Trade Rule 73.2 mirrors the language of the statutory definition and the language found in Commerce's regulations by confirming that the record includes "[a] copy of all information presented to or obtained by the administering authority or the Commission during the course of the administrative proceedings." USCIT Rule 73.2(a)(1); *accord* 19 U.S.C. § 1516a(b)(2)(A)(i); 19 C.F.R. § 351.104(a)(1).

## DISCUSSION

Both parties agree that the Court should consider the 2012 Analysis Memorandum. No party has argued that Commerce acted in bad faith. The only issue is whether the parties may cite to the 2012 Analysis Memorandum without its

Court Nos. 1:23-cv-00256, 1:23-cv-00257, 1:23-cv-00258 (SAV)				Page 10

inclusion in the current administrative record. SeAH Steel argues that Commerce's Motion is moot because parties should be able to cite to an analysis memorandum without its inclusion in the administrative record. Pl.'s Resp. at 1, ECF No. 43. Conversely, Commerce argues that SeAH Steel misunderstands Commerce's practice, and the 2012 Analysis Memorandum should be included in the administrative record because Commerce considered it in the current proceeding. Def.'s Reply at 3, ECF No. 46. The Court finds that this pedantic dispute is irrelevant here because the document is properly part of the administrative record and may therefore be considered.

The record for judicial review consists of a "copy of all information presented to or obtained by the Secretary, the administering authority, or the Commission during the course of the administrative proceeding, including all governmental memoranda pertaining to the case …." 19 U.S.C. § 1516a(b)(2)(A)(i); *accord* 19 C.F.R. § 351.104(a)(1); USCIT Rule 73.2(a)(1). "The administrative record is not necessarily 'those documents that the agency has compiled and submitted as "the" administrative record'" but rather "consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Hyundai Elec. & Energy Sys. Co. v. United States*, 44 CIT__, 477 F. Supp. 3d 1324, 1329 (2020) (quoting *F. Lli De Cecco di Filippo Fara San Martino S.p.A. v. United States*, 21 CIT 1124, 1128–29 (1997)).

The Court "consider[s] matters outside of the administrative record submitted by the agency" when "there is a *reasonable basis* to believe the administrative record is incomplete." *Id.* (emphasis in original) (quoting *F. Lli De Cecco*, 21 CIT at 1126). Indeed, "a court may order completion or supplementation of the record in light of clear evidence that the record was not properly designated or the identification of reasonable grounds that documents considered by the agency were not included in the record." *JSW Steel (USA) Inc. v. United States*, 44 CIT__, 466 F. Supp. 3d 1320, 1328–29 (2020). This is especially so when an "agency expressly incorporated such information into the proceeding at issue[.]" *Floral Trade Council v. United States*, 13 CIT 242, 243 (1989) (noting that, when an agency considers relevant documents outside the record, those documents are "before the agency for the purpose of the current decision."). In other words, when the omitted information is "sufficiently intertwined with the relevant inquiry" so that "the decision can[not] be reviewed properly without" it, then the Court should supplement the record if it would not unduly prejudice any party. *See id.*

Here, the 2012 Analysis Memorandum is properly part of the administrative record, and its inclusion does not prejudice SeAH Steel. There is clear evidence that the record is incomplete. First, Commerce considered the missing 2012 Analysis Memorandum as part of its final decision in these inquiries. *See* Korea IDM at 14–15, Case No. 23-256, ECF No. 28; India IDM at 14–15, Case No. 23-257, ECF No. 28; China IDM at 14–15, Case No. 23-258, ECF No. 30. Second, both Plaintiff and

Court Nos. 1:23-cv-00256, 1:23-cv-00257, 1:23-cv-00258 (SAV)                Page 12

Commerce referenced the missing 2012 Analysis Memorandum during proceedings before the agency. *See, e.g.*, Def.'s Mot. at 2, ECF No. 40; Pl.'s Resp. at 1, ECF No. 43; China IDM at 15, Case No. 23-258, ECF No. 30. The administrative record "consists of all documents and materials directly or indirectly considered by agency decision-makers[.]" *Hyundai Elec. & Energy Sys. Co.*, 44 CIT__, 477 F. Supp. 3d at 1329 (quoting *F. Lli De Cecco*, 21 CIT at 1128). It is undisputed Commerce directly considered the memorandum. *See* China IDM at 15, Case No. 23-258, ECF No. 30 ("SeAH [Steel] asserts [its merchandise production] cannot be covered by the *Orders* because Commerce treated SeAH [Steel]'s pipe … as Vietnamese in origin in prior investigations. As support, SeAH [Steel] cites the preliminary analysis memorandum from [Commerce's] investigation in 2012 …. [T]hese documents do not demonstrate that Commerce expressly examined the country of origin …."); Korea IDM at 15, Case No. 23-256, ECF No. 28 (describing Commerce's use of the 2012 Analysis Memorandum in almost identical language); India IDM at 15, Case No. 23-257, ECF No. 28 (same). Therefore, the 2012 Analysis Memorandum is part of the administrative record. *Hyundai Elec. & Energy Sys. Co.*, 44 CIT__, 477 F. Supp. 3d at 1329. The Court cannot properly review Commerce's determination without considering the memo. *Floral Trade Council*, 13 CIT at 242–43.

Including the 2012 Analysis Memorandum does not prejudice SeAH Steel. A party is prejudiced when "it was harmed as a result of the error." *SolarWorld Ams., Inc. v. United States*, 962 F.3d 1351, 1359 (Fed. Cir. 2020) (citing *Suntec Indus. Co.*

Court Nos. 1:23-cv-00256, 1:23-cv-00257, 1:23-cv-00258 (SAV)　　　　　Page 13

*v. United States*, 857 F.3d 1363, 1372 (Fed. Cir. 2017)); *see also Grupo Acerero S.A. de C.V. v. United States*, 47 CIT__, 615 F. Supp. 3d 1339, 1349 (2023) (applying *SolarWorld*'s prejudice analysis to a motion to correct the record). Here, SeAH Steel has not shown or even argued that it will suffer any harm from the proposed inclusion; it only states that a party should be able to cite to an analysis memorandum as it would an issues and decision memorandum. Pl.'s Resp. at 2–3, ECF No. 43. The 2012 Analysis Memorandum is not new information to the Plaintiff because SeAH Steel referenced it in the current proceeding. *See, e.g.*, China IDM at 15, Case No. 23-258, ECF No. 30 ("SeAH [Steel] asserts that its production of inquiry merchandise cannot be covered … because Commerce treated SeAH [Steel's] pipe … as Vietnamese in origin in prior investigations."). Because SeAH Steel has not shown that it will suffer any harm from the inclusion of the 2012 Analysis Memorandum, there is no reason the document should not be part of the administrative record.

　　　Even if SeAH Steel's argument is correct that one should not have to place an analysis memorandum in the record to cite it, it is an irrelevant distinction here. However Commerce classifies the analysis memorandum, Commerce considered it during the current proceeding. It thus made the 2012 Analysis Memorandum part of the administrative record the moment it considered the Memorandum in its decision-making process. *See Hyundai Elec. & Energy Sys. Co.*, 44 CIT__, 477 F. Supp. 3d at 1329. The 2012 Analysis Memorandum is properly part of the administrative record, and it would be improper for the Court to issue an advisory opinion answering SeAH

Steel's hypothetical legal question. That question will have to await a case in which an analysis memorandum is not part of the record for its resolution. *See* U.S. Const. art. III, § 2, cl. 1 (limiting "The judicial power … to all Cases … [and] Controversies[.]"); *Trump v. New York*, 592 U.S. 125, 131 (2020) (per curiam) ("[T]he case-or-controversy requirement of Article III" requires that "the case must be 'ripe'– not dependent on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'") (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

## CONCLUSION

The 2012 Analysis Memorandum is properly part of the current administrative record, and the record should be supplemented to include it. The Court therefore **GRANTS** Commerce's Partial Consent Motion to Complete the Administrative Record, **ORDERS** the inclusion of the 2012 Analysis Memorandum as part of the record, and **DENIES** SeAH Steel's request for an advisory opinion.

/s/ Stephen Alexander Vaden
Stephen Alexander Vaden, Judge

Dated: December 5, 2024
New York, New York